[No. C033263. Third Dist. Oct. 7, 1999.]

INGRID E., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES et al., Real Parties in Interest.

**COUNSEL**

Terrence L. Smrekar for Petitioner.

No appearance for Respondent.

Joanne East, County Counsel; Melinda Vaughn; and Dale Wilson for Real Parties in Interest.

## Opinion

**NICHOLSON, Acting P. J.**—In this writ proceeding we consider the propriety of a juvenile court order denying the parent a contested hearing at a critical juncture in a dependency proceeding—ordinarily the final opportunity of a parent to obtain the return of a minor to parental custody. Under the circumstances presented here, we conclude the court's order was an abuse of its discretion. Accordingly, we grant petitioner's request to issue a peremptory writ of mandate directing respondent court to vacate its order and enter a new order granting petitioner's request for a contested review hearing. (Cal. Rules of Court, rule 39.1B.)

On November 3, 1997, the Sacramento County Department of Health and Human Services (DHHS) filed Welfare and Institutions Code section 300 petitions on behalf of three-year-old Dalton and six-year-old Justin.[1] Those petitions alleged that petitioner, the mother of the minors, physically abused Justin, failed to adequately supervise Dalton, and had a substance abuse problem rendering her incapable of providing proper care for the minors. The juvenile court sustained the petitions, adjudged the minors dependent children, and ordered DHHS to provide petitioner with reasonable reunification services.

Petitioner completed various counseling programs and parenting classes, and also submitted negative drug tests. Moreover, she displayed "some improvement" in her ability to interact with the minors. However, a psychological evaluation concluded petitioner was unable to benefit from reunification services. According to DHHS, petitioner had "shown little improvement with her parenting abilities, and despite more intensive parent coaching, she was not able to incorporate the parent modeling with her children." The social worker recommended termination of services for petitioner.

At a July 12, 1999, review hearing, petitioner requested a contested hearing on the issue whether the juvenile court should order the minors returned to her custody. According to counsel for petitioner, petitioner had complied with the requirements of her reunification plan, and Cheryl Hopkins, petitioner's therapist, had recommended reunification. Counsel criticized the negative psychological evaluation of petitioner for its reliance on "older information."

Noting the absence of a pretrial statement, respondent juvenile court wanted to know what witnesses petitioner wished to call to testify in support

---

[1]Further statutory references to sections of an undesignated code are to the Welfare and Institutions Code.

of her claim. In response, counsel stated he would call petitioner's therapist, who counsel averred would testify that petitioner was capable of parenting the minors. Counsel also suggested he would call as witnesses petitioner herself and two counselors. Finally, counsel indicated he wished to cross-examine the social worker.

At the conclusion of the July 12, 1999, hearing, respondent court directed petitioner to file a pretrial statement, containing an offer of proof, addressing the testimony expected from petitioner's therapist. The court stated in part that, "[u]nless you can come in with an offer of proof establishing that Cheryl Hopkins would testify that it would be appropriate to return these children now to [petitioner] and that [the psychologist's] recommendations are wrong, I'm not certain I'm going to give you a contested hearing."

On July 16, 1999, counsel for petitioner filed a statement identifying petitioner, the social worker, the psychologist, and the therapist as prospective witnesses. Counsel averred the following were issues in the case: "That [DHHS] cannot sustain its burden to prove any substantial detriment to the minors if returned to the mother's care; the mother has completed her case plan and benefited therefrom; the mother's therapist substantially disagrees with the conclusions reached by [the psychologist] in his assessment of the mother; that [the psychologist] relied upon older information no longer true or lacked information now available (ie: [sic] medications not needing adjustment; Mother's doctor indicating a neurological exam not needed; consistent clean drug tests for the past year and a half; good progress report by her treating therapist)."

In a July 1999 supplemental report, the social worker noted petitioner's therapist had recommended only that reunification services should continue for petitioner, *not* that the minors could be returned to petitioner's custody. According to the social worker, she explained to the therapist that petitioner already had received the maximum 18 months of reunification services; no more time was available to petitioner.

At the July 19, 1999, hearing, the juvenile court noted the matter had been continued to determine whether the court should conduct a contested hearing. According to counsel for petitioner, petitioner's therapist had indicated her disagreement with the psychological evaluation. However, counsel acknowledged that, because the therapist had not met the minors, she could not testify in favor of returning the minors to petitioner.

The juvenile court suggested to counsel that, unless he adduced evidence on the issue of returning the minors to petitioner's custody, the court would

not allow a contested hearing. Counsel then alluded to recent evidence of improvements in parenting made by petitioner and asserted that "[t]he information that I understand why [DHHS] feels [it] can't return these children to [petitioner] is no longer really any of the things [*sic*] that were a part of the original grounds for jurisdiction. . . ." Counsel asked "to be able to have a trial to prove that and cross-examine these people."

The juvenile court denied petitioner's request for a contested hearing, vacated the trial date, and scheduled a section 366.26 hearing for November 16, 1999. The court also found that returning the minors to petitioner would create a substantial risk of detriment to the minors, and ordered reunification services for petitioner terminated. The court stated in part that "[counsel] has not submitted a proper offer of proof to convince me that [petitioner is] entitled to a trial. He's argued strenuously on [petitioner's] behalf to return the [minors] home. . . . And [the therapist] is not saying to return the [minors] home today. . . ."

 Petitioner contends the order by the juvenile court denying her request for a contested hearing violated her right to due process of law and constituted an abuse of the court's discretion. According to petitioner, "[t]he issues raised by [her] as to whether [the psychologist] relied upon outdated information or assumptions proven untrue, that her therapist disagreed with the conclusions reached by [the psychologist], that [she] had in fact benefited from services are all questions of fact deserving of a contested hearing." In support of her claims, petitioner relies on California Rules of Court, rule 1412(j) and *In re Dolly D.* (1995) 41 Cal.App.4th 440 [48 Cal.Rptr.2d 691].

The reunification phase of dependency proceedings is a critical aspect of the entire dependency system. If the parent fails to reunify with the minor, then the juvenile court must conduct a selection and implementation hearing, which may result in the permanent severance of the parent-child relationship. (§ 366.26; *In re Matthew C.* (1993) 6 Cal.4th 386, 391-392 [24 Cal.Rptr.2d 765, 862 P.2d 765]; *Cynthia D.* v. *Superior Court* (1993) 5 Cal.4th 242, 249 [19 Cal.Rptr.2d 698, 851 P.2d 1307].) It is at the review hearing that the court may order the termination of reunification services and schedule the hearing pursuant to section 366.26. (§§ 366.21, 366.22.)

Section 366.26, subdivision (*l*), creates, and California Rules of Court, rule 39.1B, implements, a procedure providing for review by petition for extraordinary relief from the juvenile court order scheduling a section 366.26 hearing. It is a procedure crucial to the protection of a parent's rights in a dependency matter. In order to obtain review on appeal from a final

order in a section 366.26 hearing of issues subsumed within an order setting the section 366.26 hearing, the parent first must timely file a writ petition. That petition seeks review of the order setting the section 366.26 hearing, and is subject to various requirements. (§ 366.26, subd. (*l*)(1); *Joyce G.* v. *Superior Court* (1995) 38 Cal.App.4th 1501, 1507 [45 Cal.Rptr.2d 805].)

The review hearing conducted in this case was pursuant to section 366.22, also known as the 18-month review hearing. Subdivision (a) of section 366.22 provides in part: "When a case has been continued pursuant to paragraph (1) of subdivision (g) of Section 366.21, the permanency review hearing shall occur within 18 months after the date the child was originally removed from the physical custody of his or her parent or guardian. The court shall order the return of the child to the physical custody of his or her parent or guardian unless the court finds, by a preponderance of the evidence, that the return of the child to his or her parent or guardian would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child. The social worker shall have the burden of establishing that detriment. The failure of the parent or guardian to participate regularly in court-ordered treatment programs shall be prima facie evidence that return would be detrimental. In making its determination, the court shall review and consider the social worker's report and recommendations and the report and recommendations of any child advocate appointed pursuant to Section 356.5; shall consider the efforts or progress, or both, demonstrated by the parent or guardian and the extent to which he or she availed himself or herself of services provided; and shall make appropriate findings pursuant to subdivision (a) of Section 366. [¶] . . . [¶] Whether or not the child is returned to his or her parent or guardian, the court shall specify the factual basis for its decision. If the child is not returned to a parent or guardian, the court shall specify the factual basis for its conclusion that return would be detrimental. [¶] If the child is not returned to a parent or guardian at the permanency review hearing, the court shall order that a hearing be held pursuant to Section 366.26 in order to determine whether adoption, guardianship, or long-term foster care is the most appropriate plan for the child. . . . The hearing shall be held no later than 120 days from the date of the permanency review hearing. The court shall also order termination of reunification services to the parent. The court shall continue to permit the parent to visit the child unless it finds that visitation would be detrimental to the child. The court shall determine whether reasonable services have been offered or provided to the parent or guardian."

■ It is axiomatic that due process guarantees apply to dependency proceedings. (*Santosky* v. *Kramer* (1982) 455 U.S. 745, 753-754 [102 S.Ct.

1388, 1395, 71 L.Ed.2d 599, 606]; *Stanley* v. *Illinois* (1972) 405 U.S. 645, 658 [92 S.Ct. 1208, 1216, 31 L.Ed.2d 551, 562-563].) Parties to such proceedings have a due process right to confront and cross-examine witnesses, at least at the jurisdictional phase. (*In re Jeanette V.* (1998) 68 Cal.App.4th 811, 816 [80 Cal.Rptr.2d 534]; *In re Dolly D., supra,* 41 Cal.App.4th at p. 444; *In re Amy M.* (1991) 232 Cal.App.3d 849, 864 [283 Cal.Rptr. 788].) The essence of due process is fairness in the procedure employed; a meaningful hearing, one including the right to confront and cross-examine witnesses, is an essential aspect of that procedure. (*In re Crystal J.* (1993) 12 Cal.App.4th 407, 412-413 [15 Cal.Rptr.2d 613].) But due process also is a flexible concept, whose application depends on the circumstances and the balancing of various factors. (*In re Jeanette V., supra,* 68 Cal.App.4th at p. 817; see *In re Malinda S.* (1990) 51 Cal.3d 368, 383 [272 Cal.Rptr. 787, 795 P.2d 1244].)

California Rules of Court, rule 1412, contains a number of provisions relating to various aspects of dependency proceedings. Subdivision (j)(2), (3) and (4) of that rule requires the juvenile court to inform the parent of several rights. Included in that list of rights are the right to confront and cross-examine witnesses, including the social worker, the right to use the process of the court to compel the attendance of witnesses, and the right to present evidence to the court.

Recently, a trio of decisions has addressed the due process rights of parents in the latter stages of dependency hearings. In *Andrea L.* v. *Superior Court* (1998) 64 Cal.App.4th 1377, 1382-1384 [75 Cal.Rptr.2d 851], the juvenile court refused a request by the mother of the minors, accompanied by an offer of proof, to conduct a contested section 366.22 hearing. In denying the mother's petition for an extraordinary writ, the Court of Appeal assumed the denial was erroneous but concluded it was not prejudicial. (64 Cal.App.4th at pp. 1387, 1389.) The primary basis for that conclusion was the mother's decision not to request an opportunity to cross-examine the social worker. (*Id.* at p. 1387.) Under those circumstances, the court found, remand would have been an "idle act." (*Ibid.*)

■ Here, petitioner made it clear she sought the examination of adverse witnesses, including the social worker and the psychologist. On this record, we cannot say remand would be an "idle act." Thus, *Andrea L.,* is distinguishable on its facts.

In *In re Jeanette V.,* at the section 366.26 hearing, the juvenile court refused a request by the mother to make the social workers available for cross-examination. (*In re Jeanette V., supra,* 68 Cal.App.4th at pp. 813-815.)

Affirming a termination of parental rights order (*id.* at p. 817), the Court of Appeal held that, even with an offer of proof from the mother, cross-examination of the social workers was not compelled as a matter of due process. (*Ibid.*) Under the circumstances presented, the mother was unable to establish a statutory exception to termination of parental rights. (*Ibid.*)

*Maricela C.* v. *Superior Court* (1998) 66 Cal.App.4th 1138, 1142 [78 Cal.Rptr.2d 488], involved a status review hearing pursuant to section 366.3. At that hearing, the mother made an offer of proof about her efforts regarding visits with the minors in support of her request for a contested review hearing. (66 Cal.App.4th at p. 1142.) Based on its interpretation of section 366.3, subdivision (f), the juvenile court denied the mother's request, and the appellate court affirmed. (66 Cal.App.4th at pp. 1142, 1147-1148.) In doing so, the court relied on the mother's failure to proffer any evidence that returning the minors to her custody would be in their best interests. (*Id.* at p. 1148.)

In this case, petitioner submitted a detailed written statement explaining the basis of her request for a contested review hearing. That statement named four individuals, one of whom was the social worker, as prospective witnesses, and implied the evidence would show returning the minors to petitioner would be in their best interests. Unlike the types of hearings in *Jeanette V.,* and *Maricela C.,* the hearing here realistically was petitioner's last hope to avert the termination of her relationship with the minors.[2]

We are aware of no statutory authority governing specifically the rights of parties at review hearings in dependency matters. Although the decisional, statutory, and rule-based provisions cited above are helpful, none are dispositive of the issue raised in this case. In determining the propriety of the action taken by the juvenile court here, we are mindful of the necessity, mandated by statute, to afford that court the broadest possible scope of discretion in making decisions that promote the best interests of the minor. (§§ 300.2, 366.26, subd. (h).)

The juvenile court is accorded broad general authority to control its proceedings. (§ 350, subd. (a)(1).) More specifically, it may limit the control to be exercised over the minor by the parent. (§ 361, subd. (a).) Moreover, the court has ample discretion in deciding from among the various available options for the placement of the minor. (§ 361.2.)

---

[2]We are aware of a recent opinion from the Fourth District, *In re Matthew P.* (1999) 71 Cal.App.4th 841, 849, footnote 3 [84 Cal.Rptr.2d 269], which sharply criticizes the restricted scope accorded cross-examination by the court in *In re Jeanette V., supra,* 68 Cal.App.4th 811. *Matthew P.* declares that parties have a right to cross-examination at *all* hearings. (*In re Matthew P., supra,* at p. 849, fn. 3.) Since we distinguish *Jeanette* on its facts, we need not address this controversy.

None of this necessarily means, however, that such control includes denial of the right to actually present evidence and to cross-examine the government's witnesses; i.e., the right to contested hearings in cases such as this one. Nevertheless, even assuming, without deciding, that the juvenile court *had* some pertinent discretion to act as it did, we must still decide, in that event, whether it abused that discretion. And, even if it did, unless a miscarriage of justice resulted, we would be constrained not to disturb the court's decision. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

Even viewed in a narrow context, there has been a miscarriage of justice here. We are constrained to agree with petitioner, at a minimum, that the juvenile court abused its discretion, whatever may be its scope, and denied her due process in denying her request for a contested hearing. (Cf. *In re Matthew P.*, *supra*, 71 Cal.App.4th at pp. 844, 851; see *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067-1068 [24 Cal.Rptr.2d 654].) As we have suggested, petitioner faced a critical juncture in these proceedings, with the prospect growing that she might lose custody of the minors permanently. In her written pretrial statement, submitted at the request of the court, petitioner set forth the elements of proof that she hoped to establish at the hearing. Those elements included not merely the names of prospective witnesses, but also a summary of the issues relevant to the expected testimony of those witnesses.

Presented with such information, the juvenile court should have granted petitioner's request for a contested hearing. Perhaps the court had good reason not to be sanguine about petitioner's chances of persuading the court that returning the minors to her custody would present no substantial risk to their well-being. After all, the record contains ample evidence documenting petitioner's various difficulties. Moreover, the record reflects petitioner had received the maximum 18 months of reunification services. (§ 361.5, subd. (a).)

On the other hand, as subdivision (a) of section 366.22 states, it is the burden of DHHS to establish that returning the minor to parental custody would be detrimental; if the agency fails to meet its burden, the court must order the return of the minor to the parent. Here, even if petitioner had little or no evidence to proffer on her own behalf, she expressed a desire to cross-examine those witnesses—the social worker and the psychologist—on whose reports DHHS had based its recommendations. Balancing petitioner's interest in regaining custody of the minors against the state's desire to conclude dependency matters expeditiously and permit the juvenile court to exercise broad control over the proceedings, we are persuaded that the

circumstances of this case compelled the juvenile court to conduct a full hearing. (Cf. *In re Matthew P., supra,* 71 Cal.App.4th at p. 851.)

We agree with DHHS that compliance with the requirements of a reunification plan does not mandate the return of a minor to parental custody. (*In re Joseph B.* (1996) 42 Cal.App.4th 890, 901 [49 Cal.Rptr.2d 900].) But in this case, petitioner has alleged more than mere compliance with her service plan. Both in her statement and at oral argument, petitioner suggested now she was capable of parenting the minors and that it would not be detrimental to return them to her custody.

DHHS also argues any error by respondent juvenile court in refusing to permit a contested hearing was harmless. According to DHHS, because petitioner requires constant supervision in her parenting, the juvenile court would have reached a result adverse to petitioner even if it had conducted an evidentiary hearing.

We disagree with the harmless error analysis offered by DHHS. Petitioner averred that many circumstances had changed in her favor. She wanted to show that both the psychologist and social worker had relied on stale information. On this record, we refuse to speculate that such examination by petitioner at a contested hearing would be doomed to failure.

The issue whether a juvenile court has the power to require a formal "offer of proof" in a review hearing of the type conducted here is problematical. Doubtless it is reasonable for the court, in pursuit of its statutory duties, to ascertain the issues relevant to the hearing and make some relevancy determinations. That power should be exercised in such a manner as to make clear for all an identification of the issues and a recognition that time is not an unlimited commodity in today's busy juvenile courts. On the other hand, juvenile courts should tread cautiously in this area, in order to ensure that the parties' due process rights are not unduly circumscribed.

In this case, we need not decide the precise scope of a juvenile court's authority to require a formal pretrial statement. Moreover, it is unnecessary to determine whether or to identify the criteria by which a court properly may refuse to conduct an evidentiary hearing. In a proper case, we may resolve that issue. In the meantime, juvenile courts must recognize the critical importance to all of a review hearing such as the one held here, where only the section 366.26 hearing lies ahead.

California Rules of Court, rule 39.1B, establishes an elaborate procedure for challenges of orders made at review hearings. Thus, the record must be

adequate in order for the reviewing court to examine the actions taken by the juvenile court. We conclude the record in this case lacks sufficient detail for this court to conduct a reasoned review of the proceedings in the juvenile court. (Cf. *In re Julie M.* (1999) 69 Cal.App.4th 41, 51-52 [81 Cal.Rptr.2d 354].) Therefore, for that reason as well, we must issue the writ requested by petitioner.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent juvenile court to vacate its orders finding return of the minors to parental custody would be detrimental to the minors, terminating reunification services, and scheduling a section 366.26 hearing, and enter a new order granting petitioner's request for a contested review hearing. This decision is final forthwith. (Cal. Rules of Court, rule 24(d).)

Morrison, J., and Callahan, J., concurred.