[No. A125704. First Dist., Div. Three. Oct. 30, 2009.]

M.T., Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
SAN FRANCISCO DEPARTMENT OF HUMAN SERVICES et al., Real
Parties in Interest.

**COUNSEL**

Caroline J. Todd and James S. Donnelly for Petitioner.

No appearance for Respondent.

Dennis J. Herrera, City Attorney, and Jennifer Williams, Deputy City Attorney, for Real Party in Interest San Francisco Department of Human Services.

Gary Gonzalez for Real Party in Interest L.T.

Margaret A. Pendergast for Real Party in Interest E.M.

**OPINION**

**McGUINESS, P. J.**—Petitioner M.T. is the presumed father of three children who have been in long-term foster care since 2004. At a postpermanency

status review hearing, the juvenile court set the matter for a Welfare and Institutions Code[1] section 366.26 hearing to consider modifying the permanent plan for two of the children from long-term foster care to adoption. Petitioner seeks extraordinary writ review of the court's order, asserting he was entitled to a hearing to contest the recommendation of the San Francisco Department of Human Services (Department) to refer the matter to a section 366.26 hearing. He claims the court erred in requiring him to make an offer of proof to justify a contested hearing. We deny the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2002, the Department filed a petition alleging that two sisters, each of whom has the initials L.T.,[2] and their brother, N.T., came within the jurisdiction of the juvenile court under subdivisions (a), (b) and (g) of section 300. At the time, older sister was seven, younger sister was three, and N.T. was five. Petitioner was identified as the alleged father of the children. Among other things, the Department alleged that petitioner and the mother, E.M. (mother), had a history of domestic violence that had placed the children at risk when they lived together. It was alleged that petitioner had left the family two years before and that his whereabouts were then unknown. The Department also alleged that mother regularly hit the children with a belt and placed them at risk of harm by engaging in domestic violence with her then current boyfriend. Furthermore, it was alleged that mother's boyfriend physically and emotionally abused the children, including by placing them in a cold shower for extended periods of time as a form of punishment.

According to the disposition report, mother had obtained a restraining order against petitioner and had not seen him since March 2001, when police took him away. The social worker recommended that the court order reunification services for mother but wrote that services for petitioner would be inappropriate given the restraining order against him as well as his history of domestic violence against mother.

At the jurisdiction hearing in August 2002, the juvenile court sustained the allegations of the section 300 petition, as amended, and adjudicated the three children dependents of the court. The court found that petitioner's whereabouts were unknown and that the Department had made reasonable efforts to locate him. The court left the children in mother's care.

On November 13, 2002, the Department filed a section 387 petition seeking to remove the children from mother's care. According to the petition,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Because the oldest child and the youngest child share the same initials, we refer to them as "older sister" and "younger sister" to differentiate between them.

mother's mental state had deteriorated and she had failed to provide adequate care for the children, including meeting their medical needs, ensuring their attendance at school, and providing them with appropriate clothing and food. In addition, her boyfriend had been released from prison and had returned to the home, despite his being a suspected child abuser. On November 14, 2002, the court placed the children in foster care.

In a November 2003 status report, the Department recommended terminating mother's reunification services and ordering long-term foster care as the permanent plan for the children. The report indicated that petitioner had been located in Oregon and had indicated his willingness to travel to San Francisco to visit the children. Petitioner's first appearance in the case occurred at a November 2003 hearing at which the court appointed counsel for petitioner and ordered supervised visits between petitioner and the children.

Petitioner failed to appear at the 12-month review hearing, which was ultimately conducted in February 2004. At the hearing, the court ordered the Department to continue to provide reunification services to mother. There is no indication that petitioner asked for visits, reunification services, or any particular placement for the children at the time.

In March 2004, petitioner filed a motion for presumed father status and sought monthly visits. In a declaration in support of the motion, he admitted he had not visited the children since late 2001. The court granted the motion for presumed paternity status.

In an April 2004 status report prepared for the 18-month review, the social worker wrote that petitioner had not requested or received reunification services from the Department and had not visited the children. At the time, older sister and N.T. were living together in a foster home in San Francisco, while younger sister was living in Napa in a foster home. The social worker wrote that mother had failed to substantially comply with her reunification plan and that police had to be called after she physically assaulted a visiting room supervisor during one of her visits with the children. The Department recommended terminating further reunification efforts and setting a section 366.26 hearing.

The 18-month review hearing was conducted in May 2004. The court terminated further reunification services for mother and ordered long-term foster care as the children's permanent plan.[3]

---

[3] The court's order reflects that reunification services were to be terminated for petitioner. Petitioner never received services, nor is there any indication in the record that he ever requested services to reunify with his children.

Over the course of the next four years, the court conducted regular postpermanency review hearings and continued the children's placement in long-term foster care. Petitioner failed to appear at all but one of the postpermanency review hearings held from 2004 through January 2009. Petitioner's one appearance at the review hearings conducted between 2004 and January 2009 occurred in March 2007. At the hearing, the court made no additional orders regarding visitation or services for petitioner.

As of June 2008, the Department had a Seattle address for petitioner. The social worker wrote in her June 2008 status report that the parents had not visited their children. In the status report prepared for the December 2008 review hearing, the social worker reported that there had been no in-person or telephone contact between the parents and the children. However, it was noted that petitioner had sent older sister and N.T. birthday gifts, which the social worker gave to the children.

The next status review report was filed on June 9, 2009. The Department asked the court to set a section 366.26 hearing for older sister and younger sister to upgrade their permanent plans from long-term foster care to adoption. The social worker wrote that older sister, then 14 years old, had moved to her prospective adoptive home in February 2009. Younger sister, then nine years old, was preparing to move to her prospective adoptive home on June 14, 2009. The Department recommended that the court continue N.T.'s placement in long-term foster care. The June 2009 status report reflected that there was no contact between the children and their parents.

The Department provided notice of the June 30, 2009, status review hearing to petitioner at an address in Washington State. He appeared in court on June 30, 2009, and asked for a contested hearing on the Department's recommendation to set a section 366.26 hearing for older sister and younger sister. The court initially indicated it would set the matter for a contested hearing, which petitioner's counsel estimated would take a full day. Counsel for the Department objected, arguing that a party must make an offer of proof to justify a hearing pursuant to *Sheri T. v. Superior Court* (2008) 166 Cal.App.4th 334 [82 Cal.Rptr.3d 410] (*Sheri T.*). Petitioner's counsel responded that his client had a right to contest a referral to a section 366.26 hearing, "unfettered by an offer of proof." The court continued the matter and asked for briefing on the issue of whether an offer of proof is required to contest a referral to a section 366.26 hearing.

When the court reconvened on July 7, 2009, petitioner's counsel withdrew his request for a contested hearing, explaining that he had been "a little careless on the law." He agreed with the Department that *Sheri T.* required him to make a showing as to why petitioner was entitled to contest the

referral to a section 366.26 hearing. He told the court he could not make the necessary showing. The court proceeded to admit the status review report into evidence and followed the Department's recommendations, setting a section 366.26 hearing for older sister and younger sister to be held on October 14, 2009.

Petitioner filed a timely notice of his intent to file a writ petition. We stayed the section 366.26 hearing pending further order of this court.

## DISCUSSION

Petitioner contends the juvenile court violated section 366.3 and his due process rights by requiring him to make an offer of proof to justify a contested hearing, asserting he had an absolute right to an evidentiary hearing to challenge the Department's recommendation to set a section 366.26 hearing. Because the court admitted the Department's status report into evidence without conducting a contested hearing, petitioner complains he did not have the opportunity to present evidence of his own or to cross-examine the social worker who prepared the report.

As an initial matter, the Department contends petitioner waived his right to a contested hearing by withdrawing his objection and acquiescing in the juvenile court's decision not to conduct an evidentiary hearing. The Department relies upon the principle that a party who fails to object to an erroneous ruling forfeits the right to challenge the error in the appellate court. (See Civ. Code, § 3516 ["Acquiescence in error takes away the right of objecting to it."].) That principle is inapplicable here. Failure to make a futile objection or argument does not constitute waiver. (*People v. Morton* (2008) 159 Cal.App.4th 239, 249 [70 Cal.Rptr.3d 827].) It would have been futile for petitioner to pursue his objection in light of the fact the juvenile court was bound to follow *Sheri T.* under the principle of stare decisis. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) By contrast, this court is not bound to follow *Sheri T.*, as petitioner recognizes in urging that we reject its holding. Therefore, we do not agree that petitioner has forfeited his claim of error.

Section 366.3 provides for a status review at least every six months in the case of a child placed in long-term foster care. (§ 366.3, subd. (d).) The review "may be conducted by the court or an appropriate local agency," but a review must be conducted by the court at least once every 12 months. (*Ibid.*)

Section 366.3, subdivision (h), which addresses review hearings for children placed in long-term foster care, provides in relevant part as follows: "At the review held pursuant to [section 366.3,] subdivision (d) for a child in

long-term foster care, the court shall consider all permanency planning options for the child including whether the child should be returned to the home of the parent, placed for adoption, or appointed a legal guardian, or, if compelling reasons exist for finding that none of the foregoing options are in the best interest of the child, whether the child should be placed in another planned permanent living arrangement. The court *shall* order that a hearing be held pursuant to Section 366.26, unless it determines by clear and convincing evidence that there is a compelling reason for determining that a hearing held pursuant to Section 366.26 is not in the best interest of the child because the child is being returned to the home of the parent, the child is not a proper subject for adoption, or no one is willing to accept legal guardianship." (Italics added.) The subdivision goes on to state that a court may order the child to remain in foster care without holding a hearing pursuant to section 366.26 *only* upon a determination the child is unlikely to be adopted or that one of the exceptions to termination of parental rights listed in subdivision (c)(1) of section 366.26 applies. (§ 366.3, subd. (h).)

█ Thus, section 366.3 expressly contemplates that, absent a "compelling reason," a section 366.26 hearing will be scheduled at any postpermanency status review hearing conducted by the juvenile court pursuant to section 366.3 in a case in which the previously selected permanent plan was long-term foster care. The statutory scheme ensures that efforts are continuously being made to find a more permanent placement for a child in long-term foster care. The legislative preference is "for adoption over legal guardianship over long-term foster care." (*San Diego County Dept. of Social Services v. Superior Court* (1996) 13 Cal.4th 882, 888 [55 Cal.Rptr.2d 396, 919 P.2d 1329].) When the court conducts the review hearing, it "proceeds under a presumption that long-term foster care is *inappropriate*. It is obligated to act accordingly." (*Ibid.*, fn. omitted.)

Bearing in mind the presumptions and preferences established by section 366.3, we proceed to consider whether a parent whose child is in long-term foster care has an absolute right to an evidentiary hearing to contest a recommendation to set a section 366.26 hearing. This very issue was addressed in *Sheri T., supra*, 166 Cal.App.4th 334, a decision of Division Three of the Fourth District Court of Appeal. There, after the mother failed to reunify with her daughter, the juvenile court selected long-term foster care as the child's permanent plan. (*Id.* at p. 336.) Subsequently, in a postpermanency status review report, the social services agency recommended setting the matter for a section 366.26 selection and implementation hearing to consider changing the permanent plan from foster care to adoption. (166 Cal.App.4th at p. 339.) The mother objected to the recommendation and asked for an evidentiary hearing to address whether a section 366.26 hearing should be held. As an offer of proof, the mother asked the court to take judicial notice of a report submitted just six months earlier in which the social services

agency had concluded that termination of parental rights would be detrimental to the child due to her beneficial relationship with the mother. The juvenile court denied the request for a contested hearing and set the matter for a section 366.26 hearing. (166 Cal.App.4th at p. 339.) The mother sought writ relief, arguing she had an absolute right to an evidentiary hearing. The Court of Appeal concluded there was no absolute right to an evidentiary hearing under the circumstances. (*Id.*, at p. 341.)

The court in *Sheri T.* pointed out it was the mother's burden to prove the matter should not be set for a section 366.26 hearing. (*Sheri T., supra,* 166 Cal.App.4th at p. 341.) The mother nevertheless argued that principles of due process entitled her to an evidentiary hearing. The appellate court responded: " 'Due process is a flexible concept which depends upon the circumstances and a balancing of various factors. [Citation.] The due process right to present evidence is limited to relevant evidence of significant probative value to the issue before the court. [Citations.] Even where cross-examination is involved, the trial court may properly request an offer of proof if an entire line of cross-examination appears to the court to be irrelevant to the issue before the court. [Citations.]' [Citation.]" (*Ibid.*) The appellate court concluded that "[t]he juvenile court properly asked for an offer of proof, which was inadequate to compel a hearing." (*Ibid.*) The court also stated that because the mother would have an opportunity to fully litigate the issues at a selection and implementation hearing, she could not demonstrate she was prejudiced by the decision to schedule the hearing. (*Ibid.*)

*Sheri T.* is directly on point and dispositive of the issue raised in the petition. Nevertheless, petitioner asks this court not to follow *Sheri T.,* which he contends was incorrectly decided. As explained below, we disagree.

Petitioner argues that section 366.3 and the cases construing it afford a parent the right to challenge or contest a proposed order at a postpermanency review hearing. As support for this contention, he cites subdivision (f) of section 366.3, which provides that "[u]nless their parental rights have been permanently terminated, the parent or parents of the child are entitled to receive notice of, and *participate* in, those hearings." (Italics added.)

Petitioner relies on *In re Kelly D.* (2000) 82 Cal.App.4th 433 [98 Cal.Rptr.2d 188], in which the Third District Court of Appeal considered the meaning of the term "participate" as it is used in section 366.3. The *Kelly D.* court concluded the term "connotes involvement as a party to the proceeding, one essential aspect of which is the reasonable expectation that parents could challenge departmental proposals and proposed court modifications." (*Kelly D., supra,* 82 Cal.App.4th at p. 438.) According to the Court of Appeal, "the right to 'participate' in [a] hearing . . . has little meaning or

content if it does not include the right to challenge or contest a proposed order." (*Id.* at p. 439, fn. omitted.) Thus, the court concluded the parent in *Kelly D.* had a right to contest an agency recommendation to reduce the frequency of visits with the children, who were in long-term foster care. (*Id.* at pp. 439–440.) Petitioner also cites *In re Josiah S.* (2002) 102 Cal.App.4th 403, 415–418 [125 Cal.Rptr.2d 413], in which Division Four of the Second District Court of Appeal relied upon the analysis in *Kelly D.* in concluding that a parent had a right to a contested hearing to challenge the recommendation of the social services agency at a section 366.3 hearing to continue long-term foster care.

■ Although both *Kelly D.* and *Josiah S.* concerned a parent's right to challenge a social services agency's recommendations at a section 366.3 hearing, neither case involved a challenge to a recommendation to set the matter for a section 366.26 hearing. This distinction is critical. As discussed above, when a child is in long-term foster care, the court *must* set the matter for a section 366.26 hearing at a section 366.3 postpermanency status review hearing unless there is clear and convincing evidence that it would not be in the best interest of the child to do so. (§ 366.3, subd. (h).) It is the parent's burden to prove that setting a section 366.26 hearing would not be in the child's best interest. (*Sheri T., supra,* 166 Cal.App.4th at p. 341.)

The determination of whether a party must tender an offer of proof to justify a contested hearing turns upon who bears the burden of proof. "A party cannot be required to make an offer of proof for a contested hearing if what the party wants to contest is a finding or issue on which a different party, such as the social services agency, has the burden of proof. A party can be required to make an offer of proof if the issue is one on which that party has the burden of proof [citations]." (Seiser & Kumli, Cal. Juvenile Courts Practice and Procedure (Matthew Bender 2009) § 2.110[19], p. 2-269.) Thus, in *In re Thomas R.* (2006) 145 Cal.App.4th 726, 729 [51 Cal.Rptr.3d 864], this court held that a parent was not required to make an offer of proof but instead had an unconditional right at a section 366.26 hearing "to conduct examination and test the sufficiency of evidence offered by a social service agency on the issue of adoptability, an issue on which the agency bears the burden of proof." We acknowledged, however, that courts may require offers of proof on issues where the parent has the burden of proof, such as establishing an exception to the termination of parental rights. (145 Cal.App.4th at pp. 732, 734, fn. 4.)

■ Another factor bearing on the right to a contested hearing is the stage of the dependency proceeding, which is closely tied to the issue of which party has the burden of proof. "Different levels of due process protection apply at different stages of dependency proceedings. [Citations.]" (*In re*

*Thomas R., supra,* 145 Cal.App.4th at p. 733.) In the initial phases of a dependency proceeding, family preservation is the primary focus and " 'the parent's interest in reunification is given precedence over the child's need for stability and permanency.' [Citation.]" *(David B. v. Superior Court* (2006) 140 Cal.App.4th 772, 778 [44 Cal.Rptr.3d 799].) "However, '[o]nce reunification services are ordered terminated, the focus shifts to the needs of the child for permanency and stability.' [Citation.]" *(Ibid.)* Thus, cases holding that a parent has an unfettered due process right to confront and cross-examine adverse witnesses at review hearings held before the permanency planning stage do not compel the identical conclusion with respect to hearings held after reunification services are terminated. *(In re Thomas R., supra,* 145 Cal.App.4th at p. 733; see *David B. v. Superior Court, supra,* 140 Cal.App.4th at p. 780 [distinguishing cases requiring an offer of proof, and involving hearings occurring after termination of family reunification services]; *In re James Q.* (2000) 81 Cal.App.4th 255, 267 [96 Cal.Rptr.2d 595] [same].)

■ Here, mother's reunification services had been terminated long ago, and petitioner had never requested or been offered services. Because petitioner had the burden of proof to show by clear and convincing evidence that the matter should not be set for a section 366.26 hearing at this late stage of the dependency proceeding, the court was justified in requiring him to tender an offer of proof before granting a contested hearing.

■ To the extent petitioner argues that the right to "participate" in a section 366.3 hearing necessarily affords a parent an absolute right to an evidentiary hearing, we disagree. It is plainly not the case that a parent may insist upon an evidentiary hearing at every postpermanency review, irrespective of the nature of the parent's objection to the social service agency's recommendations. When the parent has the burden of proof, the right to participate in a section 366.3 hearing is meaningful only if the parent can present sufficient admissible, relevant evidence that bears upon the matter that must be proved. As explained in *Maricela C. v. Superior Court* (1998) 66 Cal.App.4th 1138, 1146–1147 [78 Cal.Rptr.2d 488]: "While a parent in a juvenile dependency proceeding has a due process right to a meaningful hearing with the opportunity to present evidence [citation], parents in dependency proceedings 'are not entitled to full confrontation and cross-examination.' [Citation.] Due process requires a balance. [Citation.] The state's strong interest in prompt and efficient trials permits the nonarbitrary exclusion of evidence [citation], such as when the presentation of the evidence will 'necessitate undue consumption of time.' [Citation.] The due process right to present evidence is limited to relevant evidence of significant probative value to the issue before the court. [Citations.]"

Even if we were to conclude that petitioner had a right to a contested hearing, petitioner has not established that he suffered any prejudice requiring

us to reverse the juvenile court's decision. "The standard of review where a parent is deprived of a due process right is whether the error was harmless beyond a reasonable doubt. [Citation.]" (*In re Thomas R., supra*, 145 Cal.App.4th at p. 734.) There is nothing in the record to indicate that petitioner had any grounds to contest the Department's recommendation to set older sister's and younger sister's cases for a section 366.26 hearing. Petitioner's counsel acknowledged he could not even make a threshold showing to justify a contested hearing. Indeed, it is not clear from the record what issue petitioner sought to raise much less what evidence he had to offer. There is no reason, based on the record before us, to believe petitioner could have met his burden to demonstrate it was in the best interest of his daughters not to set a section 366.26 hearing. Under the circumstances, any error was harmless beyond a reasonable doubt.

### DISPOSITION

The petition for an extraordinary writ is denied on the merits. The temporary stay of the section 366.26 hearing is dissolved and the decision is final in this court immediately. (See Cal. Rules of Court, rule 8.490(b)(3).)

Pollak, J., and Siggins, J., concurred.