[No. D058522. Fourth Dist., Div. One. May 11, 2011.]

In re J.F., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
G.F., Defendant and Appellant.

## COUNSEL

Neale B. Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Patrice Plattner-Grainger, Deputy County Counsel, for Plaintiff and Respondent.

William Hook, under appointment by the Court of Appeal, for Minor.

## OPINION

**O'ROURKE, J.**—G.F. contends the juvenile court abused its discretion and violated her due process rights when it denied her request for a contested postpermanency review hearing under Welfare and Institutions Code section 366.3.[1] We reverse the order.

Section 366.3, subdivision (f), states the parent of a child in long-term foster care is entitled "to participate in" a postpermanency review hearing.

---

[1] Further statutory references are to the Welfare and Institutions Code.

Here, at a 12-month permanency review, the parent of a child in long-term foster care disputed the social service agency's evidence and recommendations and requested a contested hearing. The juvenile court conditioned the right to a contested hearing on an offer of proof, which the parent provided and the court found insufficient. The court then adopted the agency's report as the findings and orders of the court.

The Courts of Appeal are divided as to whether the right to a contested hearing at a postpermanency review may be conditioned on an offer of proof. (*Maricela C. v. Superior Court* (1998) 66 Cal.App.4th 1138 [78 Cal.Rptr.2d 488] (*Maricela C.*) [court may require offer of proof]; *In re Kelly D.* (2000) 82 Cal.App.4th 433 [98 Cal.Rptr.2d 188] (*Kelly D.*) [right to participate in postpermanency review includes right to challenge or contest proposed order]; *In re Josiah S.* (2002) 102 Cal.App.4th 403 [125 Cal.Rptr.2d 413] (*Josiah S.*) [parent has statutory and due process right to present evidence, and confront and cross-examine witnesses]; *M.T. v. Superior Court* (2009) 178 Cal.App.4th 1170 [101 Cal.Rptr.3d 183] (*M.T.*) [court may require offer of proof when the parent has the burden of proof].) This court has not previously examined the issue.

We conclude that section 366.3, subdivision (f), does not by its plain terms require a parent to submit an offer of proof to gain the right to be heard at a postpermanency review hearing. Section 366.3, subdivision (f), explicitly states the court may order another six-month period of reunification services if the parent proves by a preponderance of the evidence that further efforts at reunification are the best alternative for the child. The postpermanency scheme also imposes on the court the obligation to review statutorily-specified factors concerning the child's circumstances and to consider all permanency options for the child, including return to the parent's home. Further, in view of the interests at stake, a parent of a child in long-term foster care has a due process right to be heard at a postpermanency review. We conclude the error was prejudicial and requires reversal.

## FACTUAL AND PROCEDURAL BACKGROUND

J.F. is now 15 years old. He grew up in an unstable, violent and chaotic household, and became a dependent of the juvenile court in 2008 at age 12 as a result of his stepfather's physical abuse and domestic violence, and his mother's inability to protect him. J.F. has had no relationship with his biological father.

J.F.'s mother, G.F., made only limited progress with her case plan. The court terminated family reunification services in 2009.

In its report prepared for the section 366.26 hearing, the San Diego County Health and Human Services Agency (the Agency) reported that J.F. said he missed his mother and not seeing her "would be the worst thing ever." He did not want to live with his mother because she had resumed a relationship with his stepfather. J.F. had strong ties to his community and birth family. In view of those factors, the social worker recommended, and the juvenile court ordered, a plan of long-term foster care for J.F. The court's previous order for reasonable, supervised visitation between G.F. and J.F. remained in effect.

At the six-month postpermanency review, the social worker reported that G.F. asked for visitation. J.F. did not·want to see his mother, stating "she makes me mad." He did not want to have any contact with his stepfather. The social worker stated J.F. was not adoptable because of his emotional and behavioral problems.

In the report prepared for the 12-month postpermanency review (report), the social worker reported that J.F. did not want to visit his mother. After J.F. moved to a new foster care home in August, his mother did not make any efforts to see him. J.F.'s new foster family was open to the possibility of adopting him. However, in view of J.F.'s past emotional and behavioral problems, the social worker, wanted to wait six months before deciding whether to request a new section 366.26 hearing.

At the 12-month postpermanency review, G.F. disputed the factual assertions in the report and asked for a contested hearing on the issues of returning J.F. to her care, reinstatement of reunification services and visitation.

Relying on *Maricela C.*, the court asked G.F. for an offer of proof. G.F. stated the report did not accurately describe the visits she had with J.F. and the attempts she made to see him. She believed the evidence would show that J.F. might want to live with her, or visit her under a plan of reunification services.

The court found that G.F.'s offer of proof was insufficient and denied her request for a contested hearing. G.F. objected to the court's order, stating she was denied an opportunity to respond to the Agency's evidence. Based on the report, the court found that J.F. did not wish to visit G.F. and G.F. had not requested services. The court adopted the Agency's report as the findings and orders of the court.

## DISCUSSION

G.F. asserts she was entitled to a contested postpermanency review hearing without having to make an offer of proof or file a section 388 petition. She contends section 366.3, subdivision (f), grants the parent of a child in long-term foster care the right to participate in a postpermanency review and to show that further efforts at reunification are the best alternative for the child. G.F. asserts the court violated her due process rights when it denied her an opportunity to be heard. She states she has the right to present evidence, controvert the contents of the social worker's report and cross-examine witnesses at a postpermanency review.

The Agency argues the decision whether to grant a contested hearing at a postpermanency review is within the discretion of the juvenile court, and the court may condition such a hearing on an offer of proof. The Agency asserts the court is not obligated to hold a contested hearing on a parent's request to return the child to the parent's home. The Agency further contends that because of the child's interest in permanency, the state's interest in avoiding unnecessary litigation and the parent's tenuous interest in the care and companionship of his or her child, a parent of a child in long-term foster care does not have the due process right to an evidentiary hearing at a postpermanency review.

The issue is one of law, which we review de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 800–801 [35 Cal.Rptr.2d 418, 883 P.2d 960]; *In re Z.C.* (2009) 178 Cal.App.4th 1271, 1278 [101 Cal.Rptr. 49].)

### A. *Statutory Framework*

■ Generally, the parent of a dependent child in out-of-home care is offered or provided reunification services to make it possible for the child to return to a safe home. (§ 361.5.) The court must hold a hearing every six months to review the status of the child and the progress the parent has made toward family reunification. (§§ 361.21, 366.22.) If reunification efforts are not successful within the applicable timeframe, the court must terminate services and set a hearing to select and implement an appropriate permanent plan. At the permanency planning hearing, the court selects a permanent plan from those specified in section 366.26, including, in order of mandatory preference, adoption, guardianship, or placement in long-term foster care subject to the juvenile court's periodic review. (§§ 366.26, subd. (b), 366.3; *San Diego County Dept. of Social Services v. Superior Court* (1996) 13 Cal.4th 882, 885 [55 Cal.Rptr.2d 396, 919 P.2d 1329] (*San Diego County*).)

■ If the juvenile court selects long-term foster care as a child's permanency plan, the court or an appropriate local agency must review the status of the child at least every six months. (§§ 366.3, subd. (d), 16503; *San Diego County, supra,* 13 Cal.4th at p. 885; see also 42 U.S.C. § 675(5), (6).) The court is required to conduct the review if it has been 12 months since the court ordered the child to remain in long-term foster care, if it has been 12 months since a review was conducted by the court or upon request of the parent or child. (§ 366.3, subd. (d).)

Section 366.3, subdivision (e), directs the reviewing body to inquire about the progress being made to provide a permanent home for the child and other matters, including the necessity for, and appropriateness of, the placement; the child's safety; the extent of the agency's compliance in making reasonable efforts either to return the child to the safe home of the parent or to complete whatever steps are necessary to finalize the child's permanent placement; and the extent of progress the parent has made toward alleviating or mitigating the causes necessitating the child's placement in foster care. (§ 366.3, subd. (e).)

■ Unless parental rights have been permanently terminated, the child's parent is "entitled to receive notice of, and participate in, those hearings." (§ 366.3, subd. (f).) Continued foster care is presumed to be in the child's best interests unless the parent proves by a preponderance of the evidence that further efforts at reunification are the best alternative for the child. (*Ibid.*)

The court is required to consider all permanency planning options, including whether the child should be returned to the home of the parent, placed for adoption, appointed a legal guardian or placed in another planned permanent living arrangement. (§ 366.3, subd. (h).) The court must set a section 366.26 hearing unless it determines by clear and convincing evidence there is a compelling reason that a section 366.26 hearing is not in the child's best interest. (§ 366.3, subd. (h).) A compelling reason exists when the child is being returned to the home of the parent, the child is not a proper subject for adoption or there is no one willing to accept legal guardianship of the child. (*Ibid.*)

■ The postpermanency review may be conducted earlier than every six months if the court determines that an earlier review is in the child's best interests or as court rules prescribe. (§ 366.3, subd. (k).) California Rules of Court,[2] rule 5.740(b)(5), provides if circumstances have changed since the permanent plan was ordered, the court may order a new permanent plan under section 366.26 at any subsequent hearing, or any party may seek a new

---

[2] Further rule references are to the California Rules of Court.

permanent plan by filing a motion under section 388. (Rule 5.740; see rule 5.570; but see *San Diego County, supra,* 13 Cal.4th at pp. 889–890 [at a postpermanency review, the court may set a § 366.26 hearing sua sponte; there is no requirement that a party file a § 388 petition].)

B. *Under Section 366.3, Subdivision (f), the Parent of a Child in Long-term Foster Care Has the Right to Participate in the Child's Postpermanency Review*

■ To determine legislative intent, we begin by examining the statutory language, giving words their usual and ordinary meaning. (*Estate of Griswold* (2001) 25 Cal.4th 904, 910 [108 Cal.Rptr.2d 165, 24 P.3d 1191].) We consider the statutory language in the context of the entire statute and the statutory scheme of which it is a part. (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 32 [65 Cal.Rptr.2d 360, 939 P.2d 760].) Where the language of the statute is clear, there is no need to resort to other indicia of legislative intent. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

■ Section 366.3, subdivision (f), states the child's parent is entitled to receive notice of, and to participate in, postpermanency review hearings. The usual and ordinary meaning of "participate" is "to take part." (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 903, col. 2.) The statute does not condition the right to take part in a postpermanency review on an offer of proof or a petition for modification under section 388. (§ 366.3, subd. (f).) Instead, section 366.3, subdivision (f), provides the court may order a further period of reunification services *if the parent proves* by a preponderance of the evidence that services are the best alternative for the child. Thus, by its plain language, section 366.3, subdivision (f), grants the parent the right to take part in the postpermanency review and anticipates the parent may present evidence to overcome the presumption continued foster care is in the child's best interests. "If the terms of the statute are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Estate of Griswold, supra,* 25 Cal.4th at p. 911.)

■ To the extent we look beyond the statute to interpret the phrase "entitled to receive notice of, and participate in, those hearings," we concur with the analysis in *Kelly D., supra,* 82 Cal.App.4th at page 438. In that case, the reviewing court reasoned that a parent's right to notice and to participate in a postpermanency review hearing connotes involvement as a party to the proceeding, with the reasonable expectation the parent of a child in long-term foster care can challenge agency proposals and any proposed modifications of the permanency orders, including visitation orders. (*Ibid.;* accord, *Josiah S., supra,* 102 Cal.App.4th at pp. 416–417.) A parent's right to participate "has little meaning or content if it does not include the right to challenge or

contest a proposed order." (*Kelly D., supra,* at p. 439; see *Josiah S., supra,* at p. 417.) "[T]he right to a contested hearing contemplates that a parent 'has the right to testify and otherwise submit evidence, cross-examine adverse witnesses, and argue his [or her] case.' " (*Josiah S., supra,* at p. 417, quoting *Kelly D., supra,* at p. 440; see rule 5.534(k).)[3]

We are not persuaded by the Agency's reliance on *Maricela C., supra,* 66 Cal.App.4th 1138. *Maricela C.* did not examine the statutory language granting the parent the right "to participate in" a postpermanency review hearing. (See *Kelly D., supra,* 82 Cal.App.4th at p. 439.) Instead, the reviewing court examined the legislative history of the subdivision directing the juvenile court to consider all permanency options for a child in long-term foster care at a postpermanency review (now codified at § 366.3, subd. (h)).[4] The reviewing court explained the Legislature amended the statute to clarify that a 12-month postpermanency review hearing was not a section 366.26 hearing and the juvenile court was not required to set a new section 366.26 hearing unless the child was suitable for adoption or guardianship. (*Maricela C., supra,* 66 Cal.App.4th at p. 1145.) *Maricela C.* held that requiring a parent to make an offer of proof to obtain a contested hearing furthered the Legislature's intent to avoid relitigating a child's permanency plan at the postpermanency reviews. (*Ibid.*)

Were it not for its emphasis on the state's interest in avoiding repetitive litigation, *Maricela C.* acknowledges that section 366.3, subdivision (h), could be interpreted as entitling a parent of a child in long-term foster care to notice and an opportunity to be heard without requiring the parent to make an offer of proof. (*Maricela C., supra,* 66 Cal.App.4th at pp. 1144–1146.) We are not persuaded the legislative amendment clarifying when the juvenile court must set a· section 366.26 hearing for a child in long-term foster care supports the conclusion the Legislature intended to condition a parent's right to contest the social service agency's evidence and recommendations on an offer of proof at review hearings under section 366.3, subdivision (e).

---

[3] Rule 5.534(k) is generally applicable to proceedings under section 300. It states in relevant part: "The court must advise the child, parent, and guardian in section 300 cases . . . , of the following rights: [¶] (A) Any right to assert the privilege against self-incrimination; [¶] (B) The right to confront and cross-examine the persons who prepared reports or documents submitted to the court by the petitioner and the witnesses called to testify at the hearing; [¶] (C) The right to use the rocess of the court to bring in witnesses; and [¶] (D) The right to present evidence to the court."

[4] Until 2008, the statutory language entitling a parent to notice and the right to participate in postpermanency review hearings was set forth as the last paragraph of section 366.3, subdivision (e). That paragraph is now codified as the first paragraph of section 366.3, subdivision (f). The Legislature also redesignated former subdivisions (f) through (j) as subdivisions (g) through (k). (Stats. 2008, ch. 482, § 7.)

*Maricela C.* examined the statutory language of section 366.3, subdivision (h), and concluded that the directive to the court to "consider" all permanency planning options did not necessitate a contested hearing. (*Maricela C., supra,* 66 Cal.App.4th at p. 1147.) Significantly, the reviewing court did not construe section 366.3, subdivision (h), in the context of the entire statute and the statutory scheme of which it is a part. (*Phelps v. Stostad, supra,* 16 Cal.4th at p. 32.) Section 366.3, subdivision (h), directs the court to consider all permanency planning options for a child in long-term foster care at "the review held pursuant to subdivision (d)." Section 366.3, subdivision (d), mandates a postpermanency review every six months. Section 366.3, subdivision (e), describes the issues under review. Section 366.3, subdivision (f), states the parent is "entitled to receive notice of, and participate in, *those hearings*" (italics added), referring to the postpermanency reviews under subdivision (d). Thus, when the court considers all permanency planning options for the child under section 366.3, subdivision (h), it does so pursuant to the requirements of section 366.3, subdivisions (d) and (f), which include the right of a parent "to participate in" the hearing.

Similarly, *M.T.* did not examine the right of a parent "to participate in" a postpermanency review but merely noted its disagreement with the appellant's argument the phrase afforded a parent an absolute right to an evidentiary hearing. (*M.T., supra,* 178 Cal.App.4th at p. 1181.) *M.T.* distinguished the holdings in *Kelly D.* and *Josiah S.* on the grounds those cases did not involve a challenge to a recommendation to set a new section 366.26 hearing under section 366.3, subdivision (h). (*M.T., supra,* at p. 1180.) For the reasons set forth above, we do not find this distinction significant. The court's consideration of all permanency planning options under section 366.3, subdivision (h), is part of the postpermanency review.

In support of its holding that the parent of a child in long-term foster care does not have an absolute right to an evidentiary hearing under section 366.3, subdivision (h), *M.T.* reasoned that due process interests differ at different stages of dependency proceedings; thus, case law holding that a parent has a due process right to confront and cross-examine adverse witnesses at review hearings during the reunification period does not compel the identical conclusion with respect to postpermanency hearings. (*M.T., supra,* 178 Cal.App.4th at p. 1181.) Although this general proposition applies to postpermanency reviews for a child who is placed in a guardianship or who has been freed for adoption, the interests of a child in long-term foster care and those of his or her parent are not commensurate with those cases and merit closer scrutiny.

■ In dependency proceedings, "[t]he balancing standard considers the private interest that will be affected by the agency's action, the risk of an erroneous deprivation of that interest, the interest in informing parents of the basis for and consequences of the action and in enabling them to present their side of the story, and the agency's interest in expeditious decisionmaking as affected by the burden caused by an additional procedural requirement." (*In re James Q.* (2000) 81 Cal.App.4th 255, 267 [96 Cal.Rptr.2d 595]; accord, *David B. v. Superior Court* (2006) 140 Cal.App.4th 772, 780 [44 Cal.Rptr.3d 799].)

The Legislature recognizes that a placement in long-term foster care is not necessarily a stable placement and directs the court to hold periodic reviews to consider all permanency plan options for the child, including returning the child to the parent's home. (§ 366.3, subd. (h); *Kelly D., supra*, 82 Cal.App.4th at p. 438 [child's placement in long-term foster care is not necessarily permanent].) "It is the policy of the Legislature that foster care should be a temporary method of care for the children of this state, . . . this state has a responsibility to attempt to ensure that children are given the chance to have happy and healthy lives, and that, to the extent possible, the current practice of moving children receiving foster care services from one foster home to another until they reach the age of majority should be discontinued." (§ 396.) A dependent child has a compelling interest in a placement that is more permanent than long-term foster care, which is the least favored permanency plan.[5] (§ 396.) The Legislature directs the court to consider all permanency placement options for a child in long-term foster care, including return to the parent's home. (§ 366.3, subd. (h).)

■ Although a parent's interests in the care and companionship in his or her child may not be as compelling in the postpermanency period as they were in the reunification period, those interests have not been extinguished. (*Kelly D., supra*, 82 Cal.App.4th at p. 438; *Josiah S., supra*, 102 Cal.App.4th at p. 417.) The juvenile court must assess the progress the parent has made toward mitigating the causes necessitating placement in foster care and the parent has the statutory right to show that further efforts at reunification are the best alternative for the child. (§ 366.3, subds. (e), (f).) The court must consider whether the child should be returned to the home of a parent.

---

[5] "Each year in California, about 5,000 youth emancipate from foster care, which is by far the largest number of any state in the union. . . . The immediate outcomes for these young adults are sobering. Studies have shown that former foster youth, when compared to other young adults of the same age and race, are less likely to complete high school, attend college, or be employed. They are also at a higher risk for becoming homeless and arrested or incarcerated. (See Foster Care in California, Public Policy Institute of California, 2010.)" (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 12 (2009–2010 Reg. Sess.) as amended May 27, 2010.)

(§ 366.3, subd. (h).) Family reunification remains a possibility for a child in long-term foster care, which if it occurred, would not only reinstate the parent's custody rights but also restore the parent's fundamental due process interests in the care and companionship of his or her child. Thus, the parent of a child in long-term foster care retains an interest in the child's care and companionship. (§ 366.3, subds. (e), (f), (h); *Josiah S., supra*, at p. 412.)

■ In its capacity as *parens patriae*, the court "must look to the totality of a child's circumstances when making decisions regarding the child." (*In re Chantal S.* (1996) 13 Cal.4th 196, 201 [51 Cal.Rptr.2d 866, 913 P.2d 1075].) Although *Maricela C.* focused exclusively on the court's interest in judicial efficiency and avoiding litigation concerning the child's permanent plan, we note that the court has strong interests in receiving all relevant information about the child's circumstances and avoiding an erroneous decision based on untested evidence. (Cf. *In re James Q., supra*, 81 Cal.App.4th at p. 267 [court cannot require a party to tender an offer of proof as a condition to obtain a contested review hearing during the reunification period]; *David B. v. Superior Court, supra*, 140 Cal.App.4th at p. 780 [court may not condition contested 18-month review hearing on offer of proof].) A juvenile court's decisions on behalf of a child in long-term foster care may have lifelong consequences for the child.

■ Finally, the most basic concept of due process is the right to notice and a meaningful opportunity to be heard. (*In re Carl R.* (2005) 128 Cal.App.4th 1051, 1068 [27 Cal.Rptr.3d 612]; *Josiah S., supra*, 102 Cal.App.4th at p. 412 [parent of a child in long-term foster care has federal due process rights to be heard at a postpermanency review].) This does not invalidate the court's authority to exclude evidence that is not of significant probative value to the issues before the court. (*People v. Marshall* (1996) 13 Cal.4th 799, 836 [55 Cal.Rptr.2d 347, 919 P.2d 1280] [due process right to present evidence is limited to relevant evidence of significant probative value to the issue before the court].) However, as we have discussed, the issues before the court at a postpermanency review for a child in long-term foster care are detailed and specific. (§ 366.3, subds. (e), (f) & (h).) A parent has the right to an opportunity to be heard on those matters that are before the court at a postpermanency review. (*Kelly D., supra*, 82 Cal.App.4th at p. 439; see rule 5.534(k).)

■ In conclusion, section 366.3, subdivision (f), and due process considerations give the parent of a child in long-term foster care the right to participate in the postpermanency review, without conditioning that right on an offer of proof. (§ 366.3, subd. (f); *Josiah S., supra*, 102 Cal.App.4th at

p. 412.) Here, G.F. contested the evidence and recommendations in the Agency's report and asked for the opportunity to be heard on issues the court was required by statute to consider at the review hearing. (§ 366.3, subds. (e), (f) & (h).) We conclude that the court erred when it denied G.F. the right to participate in J.F.'s postpermanency review hearing.

## C. *The Error Was Prejudicial*

We conclude the error is not harmless under either the state standard for prejudice (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]) or the federal constitutional standard for harmless error (*Chapman v. California* (1967) 386 U.S. 18, 28 [17 L.Ed.2d 705, 87 S.Ct. 824]).[6] The record shows that J.F. was opposed to adoption and there was no one willing to assume guardianship. According to the social worker's most recent reports, J.F.'s emotional and behavioral problems made him unsuitable for adoption, and she hesitated to seek a new section 366.26 hearing for him even when J.F.'s new foster parents said they were open to the possibility of adopting him. Although J.F. told the social worker he was mad at his mother and did not want to visit with her, he previously said he wanted to live with his mother and not seeing her would be the "worst thing ever." J.F. had close ties to his biological family.

G.F. asserted the social worker's report about her visits and her efforts to visit with J.F. were inaccurate, and the evidence would show that J.F. might want to live with her, or visit her under a plan of reunification services. At the time of the permanency review at issue here, J.F. was 15 years old. The Agency was unable to recommend a more permanent plan for him. On this record, the evidence might show that further efforts at reunification with his mother were the best alternative for J.F. (§ 366.3, subd. (f).) Thus, there is a reasonable probability the result would have been more favorable to G.F. had the court granted her a contested hearing. (*People v. Watson, supra*, 46 Cal.2d at p. 836.) With respect to the denial of due process, we cannot declare a belief the denial of G.F.'s request to be heard was harmless beyond a reasonable doubt. (*Chapman v. California, supra*, 386 U.S. at p. 24.)

---

[6] We reject the Agency's contention the appropriate standard for review of federal constitutional violations in dependency cases is whether the error is harmless by clear and convincing evidence. (*In re Mark A.* (2007) 156 Cal.App.4th 1124, 1145 [68 Cal.Rptr.3d 106] [the harmless error standard of harmless beyond a reasonable doubt is the standard which guides the *reviewing* court].) "Heightened scrutiny of any violation of rights guaranteed under the Constitution is appropriate" and need not be lessened in dependency proceedings. (*Id.* at p. 1146.)

## DISPOSITION

The order denying G.F. a contested hearing under section 366.3 is reversed. The matter is remanded for the juvenile court to conduct a contested postpermanency review hearing. The stay issued by this court on April 12, 2011, is vacated.

Benke, Acting P. J., and McDonald, J. concurred.