Filed 7/16/14  In re A.H. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | B251288 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK57697) |
| Plaintiff and Respondent, | |
| v. | |
| E.H., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite Downing, Judge.  Affirmed.

Lori Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, William D. Thetford, Principal Deputy County Counsel for Plaintiff and Respondent.

The court's exercise of dependency jurisdiction over seven children of appellant E.H. and her husband, J.H.[1] has resulted in several appellate opinions regarding petitions involving various allegations against parents. In this most recent matter, mother appeals from the court's denial of her request for a contested hearing under Welfare and Institutions Code section 366.3 (statutory references are to this code).

We conclude that section 366.3 applies only after a permanent plan has been adopted by the court under section 366.26. Since that had not yet occurred in this case when mother made her request, we conclude that the procedure was inapplicable and that no error occurred.

**FACTUAL AND PROCEDURAL SUMMARY**

We need not address this family's dependency history in detail in this opinion since the issue before us is procedural. We take portions of this summary from our most recent opinion regarding this family, *In re S.H.* (case No. B245942), a nonpublished opinion filed in December 2013 (*S.H.*), which provides a detailed summary of the dependency history.

The children who are the subject of the current proceeding are A.H. (born in 2003) and her brothers, Wi.H. (born in 2004), B.H. (born in 2006), J.H. (born in 2008), Wa.H. (born in 2009), and E.H. (born in 2010). This appeal does not involve S.H. (born in 2012 and the subject of a separate dependency petition) or the daughter to whom mother gave birth in August 2013.[2]

In our earlier decision in *In re A.H.* (July 20, 2012, B236022 [nonpub.opn.].), we affirmed the juvenile court's jurisdictional and dispositional orders as to the six older children based on allegations that father hit A.H., giving her a black eye, that both parents

---

[1] Father is not a party to this appeal.

[2] As of the status review report for September 6, 2013, the family was not providing the department any information about the baby girl. No additional information appears in the record regarding that child.

2

regularly gave her beer to drink, and that mother failed to protect A.H. In 2011, the children were removed from their caretaker's home, split up, and placed in three foster homes because of increasing hostility by parents which caused the caregiver to fear for the safety of herself and her family. Parents were uncooperative and disruptive through February 2013.

In March 2013, after 23 months of services, the court terminated reunification services for parents as to the six older children, but did not return them to parents' custody. The court expressed concern about father's disruptive behavior through most of the case and mother's continued submissiveness to his control, indicating that neither had made sufficient progress. The matter was set for a permanency hearing under section 366.26. Mother was invited to file a petition for modification if her circumstances changed. Father filed a writ petition from that order (case No. B248323), but mother did not. In *S.H.*, we affirmed the March 2013 order that the six older children would not be returned to parents' custody, and stated that father could file a section 388 petition if his circumstances changed.

In April 2013, the department asked the court to order that visitation for parents change from unmonitored to monitored. It stated that two of the children had reported that father showed them a gun and threatened to shoot one of the foster mothers. The child, J.H., reported that during a recent visit, father had "'showed him a real gun and that he should take it and kill his foster mother because she had given him a time out as a [form] of discipline.'" The child E.H. said father hit him and mother. The department was concerned that the parents were living together and that the children were at risk of physical harm if unmonitored visits were allowed. The court directed the department to put its request in the form of a section 388 petition, and to report additional details of the events that led to the request. The department complied.

The hearing on the department's section 388 petition was continued from May to July 2013. After one day of testimony, the hearing on the section 388 petition was continued to August and then to October 2013. In July 2013, the court ordered the suitable placement of the minors to remain in full force and effect. The permanency

3

planning hearing pursuant to section 366.26 was continued from July to November 1, 2013.

The department's status review report for September 6, 2013 states that it was for a section 366.3 review of post permanent plan (RPP). (See *In re Tanya H.* (1993) 17 Cal.App.4th 825, 829, fn. 3.) When the court called the matter, it stated that it was on calendar for "RPP" for the six older children. Counsel for the department stated that it had not determined whether the permanent plan for the children would be legal guardianship or adoption. He noted that the permanency planning hearing under section 366.26 for these children was set for November 1, 2013.

Counsel for mother informed the court that his client wished to set a contested hearing on the return of the children to her custody, whether the department's plan was legal guardianship, adoption, or a planned permanent living arrangement. The court responded that it had not yet selected the permanent plan, and that mother could contest the section 366.26 hearing when it occurred, but she had no standing to contest the RPP. After mother's counsel argued further, the court said: "All right, because I note we already have a 388 and we already have a contest on the 388 and the [366.26]. So if I set . . . a contest on the RPP, we would just go over to the same date." Counsel for mother said he understood.

Mother filed a timely appeal from the order.


**DISCUSSION**

Under the dependency statutory framework, before the court selects a permanent plan for the children under section 366.26, it must review their status every six months under sections 361.21 and 366.22. (*In re J.F.* (2011) 196 Cal.App.4th 321, 329 (*J.F.*).) If a permanent plan of long-term foster care is chosen at the section 366.26 hearing, the court or an appropriate agency must review the status of the child at least every six months under section 366.3, subdivision (d). (*Id.* at p. 330.) Unless parental rights have been permanently terminated, the child's parent is "'entitled to receive notice of, and participate in'" review hearings held under section 366.3. (*Ibid.*) The court in *J.F.*

4

concluded that a parent of a child in a permanent plan for long-term foster care has a right to a contested hearing under section 366.3, providing an opportunity to present evidence to overcome the presumption that continued foster care is in the child's best interests. (*Id*. at pp. 331–333, 335–336.) The court reasoned: "The legislature recognizes that a placement in long-term foster care is not necessarily a stable placement and directs the court to hold periodic reviews to consider all permanency plan options for the child, including returning the child to the parent's home. (§ 366.3, subd. (h); [*In re*] *Kelly D.* [(2000)] 82 Cal.App.4th [433,] 438 [child's placement in long-term foster care is not necessarily permanent].)" (*Id*. at p. 334.) It concluded that a dependent child has a compelling interest in a placement that is more permanent than long-term foster care, which it noted is the least favored permanency plan under section 396, which codifies the legislative policy that foster care should be a temporary plan, and that reunification with the parents, adoption, or guardianship is more suitable for the child's well-being.

Here, the record establishes that no permanent plan of foster care had been chosen for the children since the section 366.26 permanency planning hearing had not yet been held. For that reason, section 366.3 did not apply.

Mother claims she had a right to a contested hearing under section 366.3 because the children are in "limbo" prior to the selection of a permanent plan. We disagree. The section 366.26 permanency planning hearing was set for November 1, 2013, just weeks after the hearing from which mother appeals. In addition, mother could have brought a section 388 petition seeking the return of the children to her custody on a showing that circumstances had changed and that return would be in the best interest of the children. (*In re Nickolas T.* (2013) 217 Cal.App.4th 1492, 1508.)

We find no error and affirm.

## DISPOSITION

The order of September 6, 2013 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                     EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.