Filed 7/28/21  In re D.A. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re D.A., a Person Coming Under the Juvenile Court Law. | B308252 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. DK15837A) |
| Plaintiff and Respondent, | |
| v. | |
| K.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Affirmed.

Lisa A. Raneri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Olivia Raquel Ramirez, Senior Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother K.S. appeals the juvenile court's order denying her July Welfare and Institutions Code section 388 petition and September "amended" petition, without a hearing. The petitions requested reinstatement of reunification services, and visitation with her son, D.A. She contends the failure to hold a hearing violated her due process rights. We affirm, finding mother's amended section 388 petition made an insufficient prima facie showing that circumstances had changed, or that visitation with mother would be in D.A.'s best interest, and any due process violation was necessarily harmless.

## BACKGROUND

This family came to the attention of the Los Angeles County Department of Children and Family Services (Department) in February 2016 after a domestic violence incident between mother and her ex-boyfriend in the presence of then three-year-old D.A.

Mother has a history of referrals to the Department, for medical neglect of D.A. and for committing an assault with a hammer in D.A.'s presence. Both referrals were closed as inconclusive after the Department was unable to locate mother. The Department received another referral while this case was pending, that mother had violently attacked maternal grandfather.

Mother has an extensive criminal history, including numerous arrests, probation violations, and prison terms for theft-related offenses.

Mother initially concealed D.A.'s whereabouts from the Department and was not forthcoming about the referral incident. Over the course of the dependency, mother was often hostile and aggressive with the Department, lied to or misled the

2

Department, and continued to commit crimes. During an unmonitored visit with D.A., mother was arrested for shoplifting. The experience was so terrifying that D.A. refused to visit mother after that, and her visitation was suspended.

Mother completed anger management classes, and participated in individual counseling, but her conduct and attitude did not improve. Eventually, her reunification services were terminated. In August 2018, D.A. was placed in a legal guardianship with maternal grandmother, with whom he was thriving, and jurisdiction was terminated.

On July 13, 2020, mother filed a Welfare and Institutions Code section 388 petition, without the assistance of counsel, asking the court to terminate the guardianship and return D.A. to her care, or to reinstate family reunification services. Mother asserted she had made extensive progress and was able to provide a safe and stable environment for D.A. In support of the petition, mother included a rental agreement showing she had rented an apartment in March 2018 and a letter from her therapist confirming mother attended weekly therapy sessions "to overcome her trauma" and that she was putting "immense effort into her therapy." The letter did not state how long mother had been participating in therapy, or whether she was achieving her treatment goals. Mother had also completed 15 hours of anger management and parenting classes by May 2020. The notice of completion did not discuss the quality of mother's participation in the programs.

On July 21, 2020, the court ordered "a hearing on whether the court should grant or deny an evidentiary hearing" and ordered the Department to prepare a report addressing the petition. The court continued the initial hearing date to

September 10 and ordered the Department to give notice to "all appropriate parties."

At the September 10, 2020 hearing, county counsel and attorney Ms. Kim were present via WebEx. The record does not state mother was present at the hearing. The court asked if Ms. Kim was willing to accept appointment for mother, and she replied "I can stay a friend today." The court continued the hearing to September 25, 2020, and ordered Ms. Kim to give notice to mother.

The Department's section 388 report recommended the petition be denied, because mother continued to deny shoplifting while she was visiting with D.A. Mother's rap sheet disclosed further criminal activity, including a 2019 conviction for providing false identification to peace officers and a 2019 arrest for battery.

Two days before the hearing, on September 23, 2020, mother filed an "amended" section 388 petition, again without the assistance of counsel. This petition was identical to the July petition, except it also asked the court to order monitored or unmonitored visitation for mother, and it included an updated letter from mother's therapist. The letter noted that mother had been "using mental health services" since February 2020, but did not explain the frequency of her sessions, the treatment goals, and whether mother was achieving them. The therapist simply stated that mother "shows great willingness to work on improving herself . . . ."

On September 25, 2020, the court denied the September 23 petition "without hearing," finding mother had not made the required prima facie showing.

Mother timely appealed the September 25, 2020 order.

4

# DISCUSSION

## 1. Section 388 Petition

"Section 388 permits '[a]ny parent or other person having an interest in a child who is a dependent child of the juvenile court' to petition 'for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court' on grounds of 'change of circumstance or new evidence.' (§ 388, subd. (a).)" (*In re Lesly G.* (2008) 162 Cal.App.4th 904, 912.) A parent must "establish[] by a preponderance of the evidence that (1) new or changed circumstances exist, and (2) the proposed change would promote the best interest of the child. [Citation.] The parent bears the burden to show both a ' "legitimate change of circumstances" ' and that undoing the prior order would be in the best interest of the child. [Citation.]" (*In re S.J.* (2008) 167 Cal.App.4th 953, 959.) *Changing* circumstances are insufficient. (See, e.g., *In re Mary G.* (2007) 151 Cal.App.4th 184, 206.)

Section 388 petitions are liberally construed in favor of granting a hearing to consider the parent's request. A parent need only make a prima facie showing to establish the right to a hearing on the petition. A prima facie showing is made when a parent demonstrates facts which will support a favorable decision if credited by the court. " 'Whether [the petitioner] made a prima facie showing entitling [the petitioner] to a hearing depends on the facts alleged in [the] petition, as well as the facts established as without dispute by the [dependency] court's own file . . . .' [Citation.]" (*In re B.C.* (2011) 192 Cal.App.4th 129, 141.)

" '[I]f the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the

child, the court need not order a hearing on the petition. [Citations.] . . .' [Citation.] [¶] The appellate court ' "will not disturb [a] decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination [citations]." ' [Citation.]" (*In re Mary G.*, *supra*, 151 Cal.App.4th at p. 205.)

Mother contends the juvenile court abused its discretion when it denied her amended section 388 petition without a hearing. She argues she made the requisite prima facie showing of changed circumstances, and monitored visitation was in D.A.'s best interest. We are not persuaded. The juvenile court's summary denial is fully supported by the record.

Although mother had engaged in further services, she made no showing that she had benefited from them. Mother had participated in therapy and anger management in the past, but had not benefited from them, continuing in her criminal behavior, angry outbursts, and lack of transparency with the Department. The situation was much the same as it was when mother's visitation was suspended and her reunification services were terminated. More significantly, there was absolutely no showing that D.A. would benefit from visitation with mother. Therefore, we find no abuse of discretion.

## 2. Due Process

Mother alternatively argues that the court violated her right to due process by ordering a hearing to consider whether a full evidentiary hearing was required for the July 2020 section 388 petition, and then not holding that hearing.

California Rules of Court, rule 5.570(d)(1) provides that a section 388 petition that does not state a change in circumstances or "fails to show that the requested modification would promote

6

the best interest of the child" may be denied ex parte. If the petition is not denied ex parte, the court must either: "(1) order that a hearing on the petition be held within 30 calendar days after the petition is filed; or [¶] (2) order a hearing for the parties to argue whether an evidentiary hearing on the petition should be granted or denied." (Rule 5.570(f).)

The court was not required to hold a hearing on the July petition because it was superseded by the September petition which included the same evidence as the July petition plus additional, updated evidence. As we have discussed *ante*, the court was well within its discretion to deny the September petition ex parte, as mother had not made a sufficient prima facie showing. We can discern no possible prejudice, when neither petition stated sufficient facts supporting a full evidentiary hearing. (See, e.g., *In re J.F.* (2011) 196 Cal.App.4th 321, 336 [assessing prejudice in the context of due process].)

**DISPOSITION**

The September 25, 2020 order is affirmed.


GRIMES, Acting P. J.


WE CONCUR:


WILEY, J.                OHTA, J.*


---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


7